## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNGWON HWANG, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>THE RECEIVABLE MANAGEMENT SERVICES, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, SUNGWON HWANG, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, THE RECEIVABLE MANAGEMENT SERVICES, LLC ("RMS"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of New York City, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      RMS is foreign limited liability company, with a registered agent known as C T CORPORATION SYSTEM, located at 28 Liberty Street, New York, New York 10005.

8.      Upon information and belief, RMS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      RMS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New York consumers and their successors in interest (the "Class"), who were sent debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New York City, New York consumers who were sent initial letters and/or notices from RMS concerning a debt owed to another, and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit C**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA;

b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     Prior to April 22, 2019, Plaintiff's medical insurance carrier was United Health Care - Oxford.

16.     Prior to April 22, 2019, Plaintiff's medical insurance carrier was United Health Care – Oxford with pharmacy claims processed through Optum Rx.

17.     Due to certain medical conditions Plaintiff's medical doctor prescribed Vemlidy Tenofovir Alafenamide ("Vemlidy").

18.     Tenofovir Alafenamide is manufactured by Gilead Sciences, Inc.

19.     On or about April 22, 2019, Plaintiff was accepted for enrollment in the Gilead VEMLIDY Co-pay Coupon Program. *See*, Exhibit A.

20.     Plaintiff's Account information is: RxGRP: xxx5304 – ID: xxxxx6199.

21.     Plaintiff's prescriptions for Vemlidy are filled through Optum Pharmacy 702, LLC. *See*, Exhibit B.

22.    On or about October 23, 2019, Plaintiff placed an ordered for her prescription through VEMLIDY Co-pay Coupon Program.

23.    Optum Rx is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.    Optum Pharmacy 702, LLC, is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.    Gilead Sciences, Inc., is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.    RMS caused to be delivered to Plaintiff a letter dated June 19, 2020, which was addressed to Plaintiff. *See,* Exhibit C.

27.    The June 19, 2020 letter was sent to Plaintiff in connection with the collection of the October 23, 2019 prescription.

28.    The June 19, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29.    Upon receipt, Plaintiff read the June 19, 2020 letter.

30.    The June 19, 2020 letter provides the following information in part:

The Receivable Management Services LLC

888-545-4170

_____

SUNGWON HWANG
xxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxx

          Re:    BriovaRX Infusion Service
                  Amount Owed: $225.00
                  Account No. xxxx5654
                  Reference No. xxxxxxxx669

SUNGWON HWANG:

We are a debt collection company and BriovaRX Infusion Services has contracted with us to collect the debt noted above.  This is an attempt to collect a debt and any information obtained will be used for that purposed.

To make a payment, please telephone us ay 888-545-4170 or mail your payment to us using the coupon on the reverse side of this letter

31.    The June 19, 220 letter contained a separate page titled "Account Listing". *See*, Exhibit C.

32.    The June 19, 2020, "Account Listing" provided the following information:

Account Listing

| Details | Service Date | Balance Owed |
|---|---|---|
| XXXXX1409 | 10/23/2019 | $225.00 |

| | | |
|---|---|---|
| Total Owed: | $225.00 | |
| Referenced No. | xxxxxxxxx669 | |

33.    The June 19, 2020 letter does not provide any information as to why BriovaRX Infusion Service ("Briova") is attempting to collect $225.00 from Plaintiff.

34.    The June 19, 2020 letter does not provide any information as to BriovaRX has standing to collect $225.00 from Plaintiff.

35.    The June 19, 2020 letter does not list Briova as the original creditor.

36.    The June 19, 2020 letter does not list Briova as the current creditor.

37.    The June 19, 2020 letter does not list Briova as the creditor to whom the debt is owed.

38.    The June 19, 2020 letter does not inform Plaintiff as to what is Briova role is in the collection of the $225.00 debt.

39.    The June 19, 2020 letter does not inform Plaintiff whether Briova is a collection agency, a debt buyer, or a creditor.

40.    The June 19, 2020 letter does not clearly specify the relationship between Briova and RMS.

41.     15 U.S.C. §1692g(a)(2) requires a debt collector to provide, in writing within five days of its initial communication with the consumer the name of the creditor to whom the debt is owed.

42.     The June 19, 2020 letter does not clearly set forth the creditor to whom the $225.00 debt is owed.

43.     The June 19, 2020 "Account Listing" attached to the letter does not clearly set forth the creditor to whom the $225.00 debt is owed.

44.     The least sophisticated consumer upon reading the June 19, 2020 letter will be left confused as to whom she owes the $225.00.

45.     The June 19, 2020 letter can be read to have a least two different meanings.

46.      The June 19, 2020 letter can be read to have a least two different meanings: (1) Briova is a billing company attempting to collect the $225.00 for another; (2) Briova is a collection agency attempting to collect the $225.00 for another; (3) Briova is a debt buyer, that purchased the $225.00 debt; or (4) Briova is the current creditor.

47.     The June 19, 2020 letter can be read to have a least two different meanings: (1) Briova is a billing company attempting to collect the $225.00 for another; (2) Briova is a collection agency attempting to collect the $225.00 for another; (3) Briova is a debt buyer, that purchased the $225.00 debt; or (4) Briova is the current creditor; which a least one meaning is inaccurate.

## POLICIES AND PRACTICES COMPLAINED OF

48.     It is RMS' policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit C**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in
> connection with the collection of a debt; and

(b)    Failing to properly state the name of the creditor to whom the debt is owed;

49.    On information and belief, RMS sent written communications in the form annexed hereto as **Exhibit C**, to at least 40 natural persons in City of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

50.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51.    Collection letters and/or notices, such as those sent by RMS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52.    15 U.S.C. §1692g(a)(2) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---

(1) the name of the creditor to whom the debt is owed.

53.    RMS violated 15 U.S.C. §1692g(a)(2)  by sending a letter dated June 19, 2020, which failed to inform Plaintiff of the name of creditor to whom the debt is owed.

54.    RMS violated 15 U.S.C. §1692g(a)(2)  by sending a letter dated June 19, 2020, which failed to effectively inform Plaintiff of the name of creditor to whom the debt is owed.

55.    15 U.S.C. §1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section --

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

56.    RMS violated 15 U.S.C. § 1692e(10) by misleading Plaintiff, in the June 19, 2020 letter, as to whom the debt is owed.

57.    The least sophisticated consumer upon reading the June 19, 2020  letter will be left confused as to whom she owes the debt.

58.    The June 19, 2020 letter can be read to have a least two different meanings: (1) Briova is a billing company attempting to collect the $225.00 for another; (2) Briova is a collection agency attempting to collect the $225.00 for another; (3) Briova is a debt buyer, that purchased the $225.00 debt; or (4) Briova is the current creditor.

59.    The June 19, 2020 letter can be read to have a least two different meanings: (1) Briova is a billing company attempting to collect the $225.00 for another; (2) Briova is a collection agency attempting to collect the $225.00 for another; (3) Briova is a debt buyer, that purchased the $225.00 debt; or (4) Briova is the current creditor; which a least one meaning is inaccurate.

60.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

61.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

62.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

63.    Plaintiff has suffered damages and other harm as a direct result of RMS'actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., , as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 17, 2020

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq.

# Exhibit

# A



April 22, 2019

Sungwon Hwang



Dear Sungwon:

Thank you for your enrollment in the Gilead VEMLIDY Co-pay Coupon Program.  Your VEMLIDY card is enclosed.  Present this card along with your prescription to receive your co-pay discount. You are able to use this card immediately without any additional steps to activate it.

If you have any questions, please call the Gilead VEMLIDY Co-pay Coupon Program toll-free at 1-877-627-0415 between the hours of 8:00 A.M. and 8:00 P.M. ET, Monday through Friday.

Please see full Prescribing Information, including Patient Information with **important warnings**, enclosed in the envelope.

Sincerely,

Gilead Sciences, Inc.

⬇ This is your replacement card ⬇



**Sungwon Hwang**

304          119



Please note: If at any time you do not wish to receive any further mailings or other communications about the VEMLIDY Co-pay Coupon program, please call 1-877-627-0415 between the hours of 8:00 A.M. and 9 P.M. ET, Monday through Friday. Program is subject to restrictions.

VEMLIDY and the VEMLIDY Logo are trademarks of Gilead Sciences, Inc., or its related companies.
©2016 Gilead Sciences, Inc. All rights reserved. GILC0321 11/16

# Exhibit

# B



Optum Pharmacy 702, LLC
1050 Patrol Road / Jeffersonville, IN 47130
specialty.optumrx.com
(855) 427-4682    RX:

SUNGWON HWANG
VEMLIDY            TAB 25MG
Mfg: GILEAD SCI
TAKE 1 TABLET BY MOUTH
DAILY

# Exhibit

# C



R·M·S

# The Receivable Management Services LLC

888-545-4170

June 19, 2020

SUNGWON  HWANG

███████████████

Re:     BriovaRX Infusion Services
        Amount Owed: $225.00
        Account No. ████5654
        Reference No.████5669

SUNGWON  HWANG:

We are a debt collection company and BriovaRX Infusion Services has contracted with us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose.

To make a payment, please telephone us at 888-545-4170 or mail your payment to us using the coupon on the reverse side of this letter.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to receiving your payment.

Sincerely,

*The Receivable Management Services LLC*

Jeffrey Swedberg

When you provide a check as payment, you authorize us to either use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please call the number at the top of this notice.

SEE REVERSE SIDE AND ENCLOSURE FOR OTHER IMPORTANT INFORMATION  NTC Pg:1

P.O. Box 19646, Minneapolis, MN 55419
help@rmscustomersupport.com
(888)807-2576 (9:00 AM – 6:00 PM ET)

New York City Department of Consumer Affairs license numbers: 1474168-DCA, 1474210-DCA, 1474435-DCA, 1474236-DCA, 1474238-DCA, 1474419-DCA.

RETURN MAIL ONLY                    (Detach and return with payment)
P.O.Box 1954
Southgate, MI 48195-0954

SUNGWON HWANG

RMS
PO Box 19646
Minneapolis, MN 55419

## New York State

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. section § 1692 *et seq.*, are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

    the use or threat of violence;
    the use of obscene or profane language; and,
    repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

    Supplemental security income, (SSI);
    Social security;
    Public assistance (welfare);
    Spousal support, maintenance (alimony) or child support;
    Unemployment benefits;
    Disability benefits;
    Workers' compensation benefits;
    Public or private pensions;
    Veterans' benefits;
    Federal student loans, federal student grants, and federal work study funds; and
    Ninety percent of your wages or salary earned in the last sixty days.

Account Listing

| Details | Service Date | Balance Owed |
| --- | --- | --- |
| █████409 | 10/23/2019 | $225.00 |

Total Owed: $225.00
Reference No. █████5669